UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Paula S. Walls, | ) | 10-80201 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER AND OPINION DENYING
## CONFIRMATION OF PLAN

THIS MATTER came before the court on May 6, 2010, after due and proper notice, for a hearing on the Debtor's proposed Chapter 13 plan. The Debtor appeared at the hearing along with her attorney, William L. Yaeger. Benjamin Lovell appeared on behalf of the Chapter 13 Trustee. Having considered the proposed plan, the evidence offered at the hearing, and other matters of record, the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## BACKGROUND FACTS

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 4, 2010 (the "Petition Date"). The Debtor is a real estate agent and has worked for Prudential since 1994 as a "top producer." According to her B22C, the Debtor has above-median income in the amount of $8,203.00 per month and disposable income of negative $1,373.42 per month. The Debtor listed general unsecured claims totaling $112,555.00, including over $75,000.00 in credit card debt and more than $30,000.00 for 2005 income taxes. The Internal Revenue Service has filed a claim in this case in the amount of $104,866.68 for 2006, 2007, 2008, and 2009 income taxes. The Debtor also listed the North Carolina Department of Revenue as a creditor with a claim in the amount of $22,470.00 for 2006, 2007,

2008, and 2009 income taxes.

On March 30, 2010, the Debtor filed a notice of proposed Chapter 13 plan providing for monthly payments to the Chapter 13 Trustee in the amount of $2,350.00 for 60 months. The Debtor's plan provides for the payment of her priority debt in full, a 0% dividend to general unsecured creditors, and the assumption of a lease agreement with Lexus Financial Services for a 2008 Lexus (the "Lease Agreement"). The Lease Agreement, dated July 31, 2008, provides for 48 payments of $993.19 per month. It also requires the Debtor to pay $.25 for each mile over 60,000 on the vehicle's odometer at the end of the lease term. The Debtor was one month delinquent on the Lexus payments on the Petition Date, thus the plan provides for monthly payments to Lexus Financial in the amount of $1,050.00. The Debtor pays $190.00 per month for insurance on this vehicle and $450.00 for gas.

## DISCUSSION

Section 1325 sets forth the requirements for confirmation of a Chapter 13 plan, with the requirements listed in subsection (a) being applicable in all instances and those in subsection (b) being applicable only if the trustee or the holder of an allowed unsecured claim objects to confirmation. 11 U.S.C. § 1325. Pursuant to § 1325(a)(3), a plan must be proposed in good faith and not by any means forbidden by law. The Fourth Circuit employs a totality of the circumstances analysis when determining whether a plan has been proposed in good faith focusing on factors including the percentage of the proposed dividend to unsecured creditors, the debtor's financial situation, the period of time over which creditors will be paid, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's previous bankruptcy filings, the debtor's honesty in representing the facts of the case, the nature

of the debtor's pre-petition conduct that gave rise to the debts, whether the debts would be dischargeable in a Chapter 7 proceeding, and any unusual or exceptional problems facing the particular debtor. *Neufeld v. Freeman,* 794 F.2d 149, 152 (4th Cir.1986) (citing *Deans v. O'Donnell,* 692 F.2d 968, 972 (4th Cir.1982)). The burden of proving that a plan has been proposed in good faith rests with the debtor. *In re Uzaldin*, 418 B.R. 166, 174 (Bankr. E.D. Va. 2009).

In the present case, the percentage of the proposed dividend to unsecured creditors, the Debtor's financial situation, the Debtor's employment history and prospects, the nature and amount of unsecured claims, and the nature of the Debtor's prepetition conduct that gave rise to the debts lead the court to conclude that the Debtor has not met her burden to prove that her plan was proposed in good faith. The Debtor is proposing to pay a 0% dividend to unsecured creditors while retaining a vehicle for which she pays over $1,000.00 per month. The Debtor has a substantial amount of credit card debt. She contends much of her unsecured debt stems from her sister's death in 2006 and from early 2007 when she was diagnosed with breast cancer and incurred related to medical expenses; however, her schedules reflect that only a small percentage of her unsecured claims are related medical expenses. The Debtor's schedules indicate that the Debtor continued to open new credit card accounts throughout the year 2008 and continued to utilize credit cards until the month before the Petition Date. The Debtor also blames her current financial problems on the recent downturn in the real estate market, yet she owes over $30,000.00 in unpaid income taxes for the year 2005. These taxes would have been due well before the decline in the real estate market. She also failed to pay her taxes in 2006, 2007, 2008, and 2009. Lastly, the Debtor has failed to make a good faith effort to find a less expensive

vehicle. As of the date of the hearing on this matter, her only efforts had been to talk to the Lexus dealership and to look on the internet.

After consideration of the totality of the circumstances, the court concludes that confirmation of the Debtor's proposed plan must be DENIED.

SO ORDERED.

# SERVICE LIST

Paula Walls
Debtor

William L. Yaeger
Attorney for Debtor

Richard M. Hutson, II
Trustee

Michael D. West
U.S. Bankruptcy Administrator